IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARIA G. CHAIDEZ,**<br><br>               **Plaintiff,**<br><br>     v.<br><br>**AEROVIAS DE MEXICO, S.A. DE C.V., a foreign corporation d/b/a AEROMEXICO, and AEROLTORAL S.A. DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT,**<br><br>               **Defendants.** | **Case No. 18 C 8029**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This negligence claim is brought under the Montreal Convention by Plaintiff Maria Chaidez ("Plaintiff"). The Montreal Convention is an international treaty that imposes liability on an air carrier for a passenger's injury or death caused by an accident during an international flight. Montreal Convention, Art. 17(1). Plaintiff filed her Complaint in the Circuit Court of Cook County Law Division alleging two counts of Negligence against Defendants Aeromexico and its subsidiary Aeromexico Connect (collectively, "Defendants"). The matter was removed to the Northern District of Illinois. The Court maintains diversity jurisdiction under 28

U.S.C. § 1332. Before the Court is Defendants' Motion for Summary Judgment. (Dkt. No. 30.)

The Complaint alleges the following facts: on July 31, 2018, Defendant Aeromexico was scheduled to operate Flight 2431 from Durango, Mexico to Mexico City, Mexico using an aircraft owned and operated by Aeromexico and/or Aeromexico Connect. (Dkt. No. 1-1 ("Compl.") ¶ 7.) Plaintiff Martinez was a passenger on Flight 2431 and resident of Illinois with her final destination being Chicago, Illinois. (*Id*. ¶ 12.) Flight 2431 crashed shortly after take-off in dangerous and inclement weather conditions. (*Id.* ¶ 8.) Defendants owed passengers onboard Flight 2431 a duty of care as a common carrier and breached this duty in its attempt to takeoff in Durango, Mexico despite the unsafe weather conditions and poor visibility. (*Id*. ¶¶ 18-19.) As a result of the negligence and resulting crash, Plaintiff suffered personal and pecuniary injuries while onboard the plane. (*Id*. ¶ 20.) Plaintiff alleges that due to the July 31, 2018 crash, she suffered a back fracture as well as insomnia, night terrors, and anxiety, and panic attacks. (Pl. Statement of Material Facts ("SMF") (Dkt. No. 33) ¶¶ 5-8.)

This matter represents one of fourteen (14) separate matters brought against Defendants by individual plaintiff passengers for negligence arising from the same July 31, 2018, Aeromexico Flight 2431 crash. The matters have been consolidated before this

Court and in eleven of these matters, Defendants moved for Summary Judgment. Defendants have since settled with four (4) of these plaintiffs. For the reasons stated herein, the Court denies Defendants' Motion.

## II. LEGAL STANDARD

Summary Judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

## III. DISCUSSION

### A. Physical Injuries

It is not in dispute that this matter is governed by Article 17 of the Montreal Convention. The convention provides that "[t]he air carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the

- 3 -

accident which caused the death or injury took place on board the aircraft." Montreal Convention, Art. 17(1). Accordingly, the elements of a Plaintiff's claim for bodily injury under the Montreal Convention are "(1) an accident, (2) that took place on board the aircraft, (3) which caused (4) an injury." *Narkiewicz-Laine v. Aer Lingus Ltd.,* 2015 WL 5009766, at *3 (N.D. Ill. Aug. 21, 2015).

Defendants dispute that Plaintiff will be able to satisfy her burden to prove the third element, causation, at trial for either her physical injuries or emotional distress. Defendants' logic is as follows: expert testimony is required to demonstrate causation between the accident and the injuries, and Plaintiff failed to disclose any experts who can testify about causation as is required pursuant to Federal Rule of Civil Procedure Rule 26. The one expert that Plaintiff did disclose – an accident reconstructionist – is not Plaintiff's treating physician and does not opine on injury causation. Without expert testimony, Plaintiff would therefore be unable to prove a required element of her claim and thus Summary Judgment should be granted in Defendants' favor. Defendants argue at a minimum the Court should award partial summary judgment.

The Court will first address the physical injuries and then the emotional distress claim.

Defendants' deduction is correct in part. It is well-established that causation of complex medical diagnoses is the kind of testimony that requires expert, as opposed to lay witness, testimony. *See* F. R. EVID. 702 (lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge.") It is also without question that Plaintiff is required formally to disclose experts it intends to present at trial regarding causation of complex medical injuries pursuant to Federal Rule of Civil Procedure 26(a)(2). FED. R. CIV. P. 26.

But not all medical injuries require expert testimony on causation. If the connection between an accident and an injury "is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is not necessary. *Schmaltz v. Norfolk & Western Ry.*, 896 F.Supp. 180, 182 (N.D. Ill. 1995) (internal quotation marks and citation omitted). Causation can be proven if the jury, "as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them." *Cyrus v. Town of Mukwonago,* 624 F.3d 856, 864 (7th Cir. 2010) (quoting *Salem v. U.S. Lines Co.,* 370 U.S. 31, 35 (1962)). It is not beyond the experience of the jury to infer that a plane crash could cause a back fracture. Further, Plaintiff may testify as a lay witness about her own perception, including physical and emotional effects, of the accident since Plaintiff's

physical injuries would be within the common understanding of the jury. *Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009). And Plaintiff did testify during her deposition that she suffered from immense back and shoulder pain as a result of the crash. (Dkt. No. 31-1 ("Pl. Dep.") at 16-17, 25, 53.)

Second, even if a witness must be qualified as an expert to testify about the causation of a certain kind of injury, this does not mean a jury cannot infer causation from a treating physician's foundation testimony about that injury. Plaintiff's treating physicians may testify as fact witnesses about their personal observations, the diagnoses they made, Plaintiff's history, and the treatments they provided. The jury is permitted to infer causation from this testimony. *See Levingston v. Myles,* 2022 WL 952279, at *4 (N.D. Ill. Mar. 30, 2022) (Leinenweber, J.) ("Because Levingston did not formally disclose any treating physicians as experts, they are treated as fact witnesses. In other words, they may testify to what they observed and the diagnoses they made, but they may not testify about what could have caused the injuries."); *see also Caldwell v. City of Chicago,* 2010 WL 380696, at *4 (N.D. Ill. Jan. 28, 2010) (same).

Here, Defendant deposed Dr. Cary Bortnick, Plaintiff's General Practitioner. Dr. Bortnick treated Plaintiff for her back pain, and opined during his deposition that the fracture was

related to the plane crash. (Pl. SMF ¶ 9.) Without being properly qualified as an expert, Dr. Bortnick is unable to testify at trial about the cause of the fracture. But this does not preclude a jury from inferring causation from the testimony he *is* allowed to give about her treatment, diagnosis, and her history. *See Saccameno v. Ocwen Loan Servicing, LLC,* 2018 WL 10609875, at *1 (N.D. Ill. Mar. 20, 2018).

### B. Emotional Distress

Defendants move for Summary Judgment on Plaintiff's emotional distress claims under the same logic: Plaintiff's claim requires her to prove that the plane crash caused her emotional distress, which requires expert testimony. Defendants deposed Plaintiff's psychiatric nurse practitioner, Harold Tacuboy, who opined that Plaintiff's PTSD diagnosis was caused by the plane crash. (Pl. SMF ¶ 11.) But because Plaintiff did not disclose Mr. Tacuboy as an expert, she will be unable to prove causation. Defendants also contend that the "causation rule" for emotional distress under the Montreal Convention requires Plaintiff to prove that her mental anguish was caused not only by the crash but from the resulting physical injuries themselves.

The Court denies Defendants' Motion for Summary Judgment on the emotional distress claims for the same reasons it denies it on the physical injury claims. Defendants again make the mistaken

leap that without an expert to testify about causation, Plaintiff is unable to prove causation all together. This is not so. Plaintiff can testify about her own "perceptions of her physical and mental health during the relevant time period," and Mr. Tacuboy may testify about his observations, diagnosis, and treatment of Plaintiff. *Saccameno,* 2018 WL 10609875, at *2. It is for the jury, not this Court, to decide whether to infer causation.

The Seventh Circuit has not had occasion to decide the issue of the "causation rule" under the Montreal Convention. This Court elects to follow the Sixth Circuit and lower courts, including those in this circuit, that have held that a plaintiff's emotional distress claim brought under the Montreal Convention need not demonstrate the emotional distress was caused by physical injuries. *See Doe v. Etihad Airways,* 870 F.3d 406 (6th Cir. 2017); *Oshana v. Aer Lingus Ltd.,* 2022 WL 138140, at *9-10 (N.D. Ill. Jan. 12, 2022) (Pallmeyer, J.) The cases on which Defendants rely mirror those on which defendant relied in *Oshana* and which Judge Pallmeyer distinguished either because they did not involve allegations of *any* physical injury, or because the claim was brought under the Warsaw Convention, not the Montreal Convention. *Id.* Judge Pallmeyer observed the relevant language differed between the two conventions which provided sound reason to avoid an analogous reading. *Id.* at * 7. Accordingly, the jury need not

infer that Plaintiff's emotional distress was caused by her physical injuries – it is enough to infer they were caused by the crash itself.

### III. CONCLUSION

In sum, Plaintiff's treating physicians may testify as fact witnesses regarding their diagnoses, the patient's history, observations, and treatment of Plaintiff. Plaintiff may testify about her own experiences – mental and physical – relating to the plane crash. Because there is a genuine issue of material fact regarding causation, Defendants' Motion for Summary Judgment or Partial Summary Judgment is denied.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 9/6/2023